## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| CHARLES B. BONNER, Individually and on Behalf of Others Similarly Situated, <br><br> v. <br><br> PREMIUM CONNECTION SERVICES, INC. and DAREL BLOHM | Case No.: _____ <br><br> Jury Trial Demanded |

## ORIGINAL COMPLAINT

### SUMMARY

1. Premium Connection Services, Inc. (Premium) and Darel Blohm (collectively Defendants) do not pay their employees overtime as required by the Fair Labor Standards Act (the FLSA).

2. Instead, Defendants treat their Thread Reps as independent contractors and pay them the same hourly rate for all hours worked in a week, including those in excess of 40 in a workweek (straight-time-for-overtime).

3. Defendants' straight-time-for-overtime pay plan violates the FLSA because the Thread Reps are owed overtime for hours worked in excess of 40 in a week at the rate of one-and-one-half times their regular rates.

4. Charles B. Bonner (Bonner) brings this action to recover the unpaid overtime and other damages owed to Defendants' employees.

### JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under a federal statute. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendants' US Operations are headquartered in this District and Division.

## PARTIES

7. Bonner worked full time for Defendants as a Thread Rep from approximately January 2012 to June 2019.

8. Throughout his employment, Defendants paid Bonner at the same hourly rate for all the hours he worked including those in excess of 40 in a workweek, or on a straight-time-for-overtime plan, and misclassified him as an independent contractor.

9. Bonner's consent to be a party plaintiff is attached as Exhibit A.

10. Bonner brings a FLSA collective action on behalf of himself and all other Defendants Thread Reps who were paid according to Defendants' straight-time-for-overtime plan.

11. The FLSA collective group of employees Bonner seeks to represent consists of:

> **All Thread Reps paid according to Defendants'**
> **straight-time-for-overtime plan at any time**
> **during the last 3 years** (the "Thread Reps").

12. Premium is a Texas corporation with its principal place of business in Corpus Christi, Nueces County, Texas.

13. Premium may be served with process by serving its registered agent for service of process: Angela Blohm, 5010 Greenbriar Dr., Corpus Christi, Texas 78413 or at any other place where Angela Blohm may be found.

14. Darel Blohm is an individual and the president and director of Premium.

15. Darel Blohm may be served with process by serving him at: Darel Blohm, 5010 Greenbriar Dr., Corpus Christi, Texas 78413 or at any other place where Darel Blohm may be found.

**FLSA COVERAGE**

16. For at least the past three years, Defendants have been employers within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

17. For at least the past three years, Defendants have been part of an enterprise within the meaning of section 3(r) of the FLSA. 29 U.S.C. § 203(r).

18. For at least the past three years, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

19. For at least the past three years Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, nubbings, crossovers, pipe joints, drill pipe, thread protectors, company vehicles, smart phones/devices, and computers, etc.) that have been moved in or produced for commerce.

20. Further, for at least the past three years Defendants' annual gross volume of sales has exceeded $500,000.00.

21. For at least the past 3 years, Bonner and the Thread Reps were engaged in commerce or in the production of goods for commerce or were employees handling, selling, or otherwise working on goods or materials (including tools, nubbings, crossovers, pipe joints, drill pipe, thread protectors, company vehicles, smart phones/devices, and computers, etc.) that have been moved in or produced for commerce.

22. Defendants treated all their Thread Reps (including Bonner) as independent contractors.

23. However, at all relevant times, Defendants maintained control, oversight, and direction over Bonner and the Thread Reps, including, but not limited to: hiring, firing, disciplining,

setting their work schedules, controlling their job assignments, maintaining timekeeping and payroll records, and other employment practices.

24. Further, as a matter of economic reality, Bonner and the Thread Reps were Defendants' employees.

25. Defendants' misclassification of Bonner and the Thread Reps as independent contractors does not alter their status as employers for purposes of the FLSA.

26. Thus, Bonner and the Thread Reps were actually Defendants' FLSA employees.

## FACTS

27. Defendants are in the oilfield services business and are based out of Corpus Christi, Texas.

28. Bonner and Defendants' other Thread Reps are the employees who perform the services Defendants provides to their clientele.

29. Defendants' Thread Reps, including Bonner, typically work more than 40 hours a week.

30. Defendants pays all their Thread Reps at straight-time-for-overtime regardless of the number of hours worked that workweek.

31. As a Thread Rep, Bonner spent his time assisting Defendants' oilfield customers in running drill pipe used in their drilling operations, as well as doping, threading, and sealing the drill pipe.

32. Bonner reported the hours he worked to Defendants on a regular basis.

33. Thus, the hours Bonner worked are reflected and recorded in Defendants' records for each workweek and pay period.

34. Defendants paid Bonner $20.00 per hour plus a $50.00 daily *per diem*.

35. Although he often worked 60 or more hours per workweek, Defendants never paid Bonner any overtime but, rather, paid him straight-time-for-overtime.

36. Defendants exercised control over all aspects of Bonner's job.

37. Bonner did not make any substantial investment in order to perform the work Defendants required of him.

38. Defendants determined Bonner's opportunity for profit and loss.

39. Bonner's earning opportunity was based on the number of days and hours Defendants scheduled him to work.

40. Bonner was not required to possess any unique or specialized skillset (other than that maintained by all other individuals working in the same job position) to perform his job duties.

41. Bonner was not employed by Defendants on a project-by-project basis, but rather on a consistent basis.

42. Defendants controlled the hours and locations Bonner worked, the tools and materials he used, and the rates of pay he received.

43. Even when Bonner worked away from Defendants' offices without the presence of a direct supervisor employed by Defendants, Defendants still controlled all aspects of Bonner's job activities by enforcing mandatory compliance with Defendants' and/or its client's policies and procedures.

44. Bonner utilized tools and equipment provided by Defendants to perform his job duties.

45. Defendants made the large capital investments in buildings, machines, equipment, tools, and supplies in the business that Bonner worked in.

46. Bonner did not incur operating expenses like rent, payroll, marketing, and insurance.

47. Bonner was economically dependent on Defendants during his employment.

48. Defendants set Bonner's rates of pay, his work schedule, and prohibited him (formally or practically) from working other jobs for other companies while they were working on jobs for Defendants.

49. Very little skill, training, or initiative, in terms of independent business initiative, was required of Bonner to perform his job duties.

50. Indeed, the daily and weekly activities of Bonner and the Thread Reps were routine and largely governed by standardized plans, procedures, and checklists created or mandated by Defendants.

51. Virtually every job function Bonner and the Thread Reps performed was pre-determined by Defendants and/or their clients, including the tools to use at a job site, the schedule of work, and related work duties.

52. Bonner and the Thread Reps were generally prohibited from varying their job duties outside of the pre-determined parameters.

53. All Defendants' Thread Reps performed duties like those Bonner performed including assisting Defendants' oilfield customers in running drill pipe used in their drilling operations, as well as doping, threading, and sealing the drill pipe.

54. The Thread Reps worked similar hours and were denied overtime as a result of the same illegal straight-time-for-overtime pay practice.

55. All Defendants' Thread Reps regularly worked in excess of 40 hours in a workweek.

56. Instead of paying Thread Reps overtime, Defendants improperly misclassified them as independent contractors and paid them straight-time-for-overtime for all these hours.

57. Defendants' policy of failing to pay Bonner and the Thread Reps overtime violates the FLSA because these workers are, for the purposes of the FLSA, employees.

58. Defendants' straight-time-for-overtime plan violates the FLSA because Bonner and the other Thread Reps classified as independent contractors did not receive any pay for hours worked over 40 hours each week.

59. Because Bonner and the Thread Reps were misclassified as independent contractors by Defendants, they should receive overtime for all hours worked in excess of 40 hours in each workweek.

## FLSA VIOLATIONS

60. Defendants' straight-time-for-overtime pay plan violates the FLSA because Bonner and the other Thread Reps did not receive overtime pay for hours worked over 40 in a week.

61. Defendants knew, or showed reckless disregard for whether, their straight-time-for-overtime plan violated the FLSA.

62. Defendants' failure to pay overtime compensation to the Thread Reps was not based on any reasonable interpretation of the law.

63. Nor was Defendants' decision not to pay overtime made in good faith.

64. Accordingly, Bonner and all those who are similarly situated are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorney's fees, and costs.

## COLLECTIVE ACTION ALLEGATIONS

65. Numerous employees have been denied overtime by Defendants' straight-time-for-overtime plan.

66. From his observations and experience working for Defendants, Bonner is aware that Defendants have imposed their illegal pay practices or policies on the Thread Reps.

67. The Thread Reps all regularly worked in excess of 40 hours per week and received straight-time-for-overtime.

68. These employees are similarly situated to Bonner in terms of *relevant* job duties, pay provisions, and employment practices.

69. Defendants' failure to pay overtime as required by the FLSA results from a generally applicable, systematic pay plan that is not dependent on the personal circumstances of the individual Thread Reps.

70. Thus, Bonner's experiences are typical of the experiences of the Thread Reps.

71. The specific job titles or precise job locations of the various Thread Reps do not prevent collective treatment.

72. All Thread Reps, regardless of their precise job requirements or rates of pay, are entitled to overtime for hours worked in excess of 40 in a week.

## JURY DEMAND

73. Bonner demands a trial by jury.

## RELIEF SOUGHT

74. Wherefore, Bonner prays for:

   (a) an order allowing Bonner's FLSA claims to proceed as a collective action and directing notice to the other Thread Reps;

   (b) judgment finding Defendants in violation of the FLSA;

   (c) judgment finding Defendants liable for to Bonner and the Thread Reps for unpaid overtime, and an equal amount of liquidated damages;

   (d) judgment awarding Bonner and the Thread Reps reasonable attorney's fees and costs of this action;

   (e) judgment awarding Bonner and the Thread Reps post-judgment interest at the highest rates allowed by law; and

   (f) such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Michael K. Burke
    Michael K. Burke
    Texas State Bar No.: 24012359
    S.D. of Texas ID: 24356

**MICHAEL K. BURKE, PLLC**
2362-I Bering Dr.
Houston, Texas 77057
713-553-7930 – Telephone
mkbpllc@gmail.com

**ATTORNEY IN CHARGE FOR PLAINTIFF AND THE PUTATIVE COLLECTIVE GROUP**

9

# EXHIBIT A

| | |
|---|---|
| IN RE: FAIR LABOR STANDARDS ACT ]<br>WAGE AND HOUR COLLECTIVE ACTION ]<br>AGAINST PREMIUM CONNECTION ]<br>SERVICES, INC, *et al.*, ]<br>]<br>  *Defendant(s).* ]<br>_____ ] | COLLECTIVE ACTION |

## NOTICE OF CONSENT

I, the undersigned, a current or former employee of **Premium Connection Services, Inc.** and/or its related principals and/or entities, hereby consent to be an opt-in party plaintiff in the matter described by the caption above, which is a collective action to collect unpaid wages and liquidated damages under the Fair Labor Standards Act. I hereby consent to have the named Plaintiff(s) in this case represent my interests in prosecuting, litigating, and settling my claims for overtime compensation and any other benefits, including liquidated damages, available under the FLSA. I agree and understand that said representative shall file this consent in support of my claims and I agree to the adjudication of my interests by said representative in the collective action brought by the named Plaintiff(s). I agree that this consent may be filed in any lawsuit, arbitration or other dispute resolution forum, and further consent to use of this consent to be used in any subsequent venue or forum if transferred, removed, dismissed or otherwise moved from the original venue or forum. I agree to be bound by the provisions of the Professional Services Agreement with Raub Law Firm, P.C. and Michael K. Burke, PLLC.

*Charles Brandon Bonner*
Full Legal Name (print)

[signature]
Signature